UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASSTHROUGH TRUST 2004-25, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-25, | Case No. 2:16-cv-00246-MMD-CWH ORDER |
| Plaintiff, | |
| v. | |
| SATICOY BAY LLC SERIES 4800 FIESTA LAKES; LOS PRADOS COMMUNITY ASSOCIATION, INC.; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

This case arises out of a homeowner's association ("HOA") foreclosure and involves a constitutional due process challenge to Nevada Revised Statute Chapter 116's notice provisions. Before the Court is Plaintiff Bank of New York Mellon's ("Plaintiff") Motion for Partial Reinstatement of Stay ("Motion"), in which Plaintiff asks the Court to stay all proceedings except the filing of dispositive motions addressing the effect of *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), on this case. (ECF No. 19.) Defendant Saticoy Bay ("Saticoy Bay") has opposed (ECF No. 21) and Plaintiff has replied (ECF No. 23). Defendant Los Prados Community Association, Inc. ("Los Prados"), also filed a joinder to Saticoy Bay's opposition. (ECF No. 22.)

This Court had previously *sua sponte* imposed a temporary stay because of the potential impact of the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* 832 F.3d 1154 (9th Cir. 2016), *r'hng* denied (9th Cir. Nov. 4, 2016). (ECF No. 17.) In *Bourne Valley,* the Ninth Circuit found that Chapter 116's notice provisions as applied to a nonjudicial foreclosure of an HOA lien before the 2015 amendment was facially unconstitutional. *Id.* at 1157-60. The Court subsequently lifted the stay after the Ninth Circuit issued the mandate in *Bourne Valley.* (ECF No. 18.) The Court reasoned that *Bourne Valley*'s holding is binding precedent unless and until it is reversed, though such finality may not occur for months. (*Id.*) Within days, the Nevada Supreme Court in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), reached the opposite conclusion, finding that Nevada's superpriority lien statutes are not facially unconstitutional. The nonprevailing parties in *Bourne Valley* and *Satico Bay* are seeking review of both decisions in the United States Supreme Court.

In its Motion, Plaintiff asserts that *Bourne Valley* binds this Court. (ECF No. 19 at 3.) As such, Plaintiff asks the Court to partially reinstate a stay but allow the parties to file dispositive motions addressing *Bourne Valley*'s effect on the outcome of this case. (*Id.*) In Saticoy Bay's opposition, they argue that the Ninth Circuit's decision in *Bourne Valley* is not binding precedent and that the Nevada Supreme Court's decisions in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (2014), and *Saticoy Bay*, 388 P.3d 970, provide constitutional interpretations of Nevada law that are binding on this Court. (*See* ECF No. 21 at 3-10.) In essence, the parties dispute which decision, *Bourne Valley* or *Saticoy Bay*, provides the correct interpretation of Nevada law upon which this Court ought to rely.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own

docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a temporary stay as to all matters in this case, though the duration of the stay may be extended depending on whether the Supreme Court will grant Bourne Valley and Well Fargo's petitions for a writ of certiorari. Until there is finality on the issue of whether Nevada's superpriority lien statutes are constitutional, a stay will benefit the parties and conserve judicial resources.  The Court will therefor *sua sponte* impose a temporary stay.

It is therefore ordered that Defendant's Motion for a Partial Reinstatement to Stay (ECF No. 19) is denied as moot. This action is temporarily stayed until resolution of the certiorari proceedings before the United States Supreme Court in *Bourne Valley* and/or *Saticoy Bay*. The parties must file a status report within 15 days from such resolution. The pending motion for summary judgment (ECF No. 20) is denied without prejudice and may be refiled within thirty (30) days after the stay is lifted.

DATED THIS 6th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE