UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASSTHROUGH TRUST 2004-25, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-25,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC SERIES 4800 FIESTA LAKES; LOS PRADOS COMMUNITY ASSOCIATION, INC.; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:16-cv-00246-MMD-CWH<br><br>ORDER |

**I.     SUMMARY**

This case arises from the foreclosure sale of property to satisfy a homeowners' association ("HOA Sale") lien. Before the Court are two motions: Plaintiff Bank of New York Mellon's ("BONY") motion for summary judgment (ECF No. 56); and Defendant Saticoy Bay LLC Series 4800 Fiesta Lakes' ("Saticoy") motion for summary judgment (ECF No. 57). The Court has reviewed the parties' responses (ECF Nos. 58, 59,[1] 60) and replies (ECF Nos. 61, 62). Because the Court agrees that BONY's predecessor properly tendered the superpriority amount, the Court grants Plaintiff's motion.

**II.     RELEVANT BACKGROUND**

The following facts are undisputed unless otherwise indicated.

In November 2004, Hui Suk Dayton ("Borrower") obtained a loan ("Loan") from Countrywide Home Loans, Inc. and executed a note secured by a deed of trust ("DOT")

---

[1]Defendant Los Prados Community Association, Inc. ("HOA") opposed Plaintiff's motion. (ECF No. 59.)

1

on the real property located at 4800 Fiesta Lakes Street in Las Vegas, Nevada ("the Property"). (ECF No. 56-1.) BONY acquired the DOT via an assignment recorded on August 24, 2011. (ECF No. 56-2.)

The Borrower failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien on August 25, 2011, identifying the amount due to the HOA to date as $1,459.45, which included $585.70 for "late fees, collection fees and interest."[2] (ECF No. 56-4 at 2.) The HOA recorded a notice of default and election to sell on October 26, 2011, identifying the amount due to the HOA to date as $2,774.25. (ECF No. 56-5.)

Bank of America, N.A. ("BANA"), acting as then-servicer of the Loan, through its agent (Miles Bauer) requested from NAS a calculation of the superpriority portion of the HOA's lien and offered to pay that amount.[3] (ECF No. 56-6 at 3, 5-6.) BANA ultimately calculated what it believed to be the sum of nine months of common assessments based a statement of account from NAS on another property within the HOA and tendered that amount ($1,361.25) ("the Check") on December 11, 2011. (*Id.* at 3, 7-11.) Miles Bauer's records show the Check was "rejected." (*Id.* at 4.)

The HOA recorded a notice of foreclosure sale on May 4, 2012 (ECF No. 56-7), and a second notice of foreclosure sale on February 7, 2013 (ECF No. 56-8). The HOA proceeded with foreclosure on October 11, 2013, and Saticoy Bay purchased the Property. (ECF No. 56-9.)

///

---

[2]The notice was recorded by Nevada Association Services, Inc. ("NAS"), acting as agent for the HOA. (ECF No. 56-4.)

[3]Plaintiff relies on the declaration of Douglas E. Miles ("Miles's Dec.") to support its claim of tender. (ECF No. 56-6.) The HOA disputes this evidence, which the Court will address below. The HOA also takes issue with the fact that the communications relating to the tender and the Check were directed to NAS, not the HOA directly. (ECF No. 59 at 9.) However, the undisputed evidence shows that NAS was acting as the HOA's agent in connection with the HOA Sale. (*See, e.g.*, ECF No. 56-4 (notice of delinquent assessment lien identifying NAS as the HOA's agent); ECF No. 56-5 (notice of default and election to sell identifying NAS as the HOA's agent); ECF No. 56-7 (notice of foreclosure sale (same).) Moreover, in reply Plaintiff offered evidence via a "Consent and Authorization" showing that the HOA appointed NAS as its agent "for purposes of collecting delinquent assessments." (ECF No. 61-1 at 3.)

Plaintiff asserts claims for (1) quiet title/declaratory judgment against all Defendants; (2) injunctive relief against Saticoy Bay; (3) breach of NRS § 116.1113 against the HOA; (4) wrongful foreclosure against the HOA; and (5) deceptive trade practices against the HOA. (ECF No. 1 at 6-13.) Saticoy Bay asserts counterclaims for quiet title and declaratory relief. (ECF No. 9 at 5-6.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must

produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

Plaintiff argues that it is entitled to summary judgment on its declaratory relief/quiet title claim because, among other things, BANA tendered the superpriority portion of the HOA's lien when BANA's agent sent the payment to the HOA's agent. (ECF No. 56 at 5.) The Court agrees that Plaintiff's predecessor properly tendered the superpriority amount and declines to address the parties' remaining arguments.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117. It reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the

///

HOA's lien, even if no money changed hands. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Mar. 7, 2019).

Saticoy Bay's response challenges the Nevada Supreme Court's decision in *Bank of America*, 427 P.3d 113. (ECF No. 58 at 3-6.) But this Court is bound by the Nevada Supreme Court's interpretation of Nevada law.

Saticoy Bay takes issue with certain statements and conditions contained in BANA's letter that accompanies the Check (*id.* at 6-9) and argues that the rejection of the tender was made based a good faith belief that more is owed (*id.* at 9-10). The HOA similarly argues that the tender included conditions and the HOA was justified in rejecting the offer. (ECF No. 59 at 6-10.) These arguments were rejected by the Nevada Supreme Court in *Bank of America*, 427 P.3d at 118-119. And the reasons for rejecting the offer do not figure into the Court's analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 2019 WL 1087513, at *1.

The HOA further challenges the evidence offered in support of the tender. In particular, the HOA argues that Miles's Dec. supporting Plaintiff's statement that a check was sent to NAS, received by NAS, or rejected NAS is based on Miles Bauer's business records rather than his personal knowledge. (ECF No 59 at 5-6.) The Court agrees with Plaintiff that it has met its burden in seeking summary judgment by offering Miles's Dec. to demonstrate that BANA's agent sent the Check and the Check was rejected based on Miles Bauer's business records. (ECF No. 56-6 at 3-4, 9-12; ECF No. 61 at 4.) The letter that accompanied the Check was addressed to NAS at the same address identified on the various notices that NAS recorded as part of the HOA Sale. (*Compare* ECF No. 56-6 at 9 *with* ECF No. 56-4 at 2.) The HOA offers no evidence to create a factual dispute that the Check was sent, that NAS received the Check, or that the Check was rejected. The HOA disputes that BANA's tender to NAS "satisfied the total amount of the lien to warrant cancellation of the foreclosure sale." (ECF No. 59 at 4.) But again the HOA offers no

///

5

evidence to support this statement or to create a factual dispute that the amount tendered did not satisfy the superpriority portion of the HOA's lien.

In sum, the Court finds that Plaintiff has demonstrated entitlement to summary judgment on its first claim for relief. In the Complaint, Plaintiff primarily requests a declaration that its DOT survived the HOA Sale. (*See* ECF No. 1 at 13-14.) Given that Plaintiff has received the relief it requested, the Court dismisses Plaintiff's remaining claims as moot. Granting summary judgment in favor of Plaintiff requires denial of Saticoy Bay's motion for summary judgment (ECF No. 57) as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 56) is granted as to Plaintiff's first claim for relief. The Court declares that Plaintiff's DOT survived the HOA Sale and continues to encumber the Property. Plaintiff's remaining claims are dismissed as moot.

It is further ordered that Saticoy Bay's motion for summary judgment (ECF No. 57) is denied as moot.

It is further ordered that the Clerk of Court is directed to enter judgment in favor of Plaintiff on its first claim for relief and on Saticoy Bay's counterclaim in accordance with this order and close this case.

DATED THIS 11th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE